UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [19]; GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [26]

### I.   Introduction

On May 7, 2015, Plaintiffs initially filed this action in state court. (Dkt. 1, Ex. A). On July 21, 2015, Defendants subsequently removed the action to this Court. (Dkt. 1). Presently before the Court are Plaintiff's motion to remand (Dkt. 19) and Defendants' motion to dismiss (Dkt. 26). For the foregoing reasons, the Court DENIES Plaintiff's motion to remand. The Court DENIES Plaintiff's motion for attorney's fees. The Court GRANTS IN PART Defendants' motion to dismiss.[1]

### II.   Factual Background

Plaintiff alleges that, in 2007, Defendants' mesh product was implanted to repair Plaintiff's umbilical hernia. (First Amended Complaint ("FAC") ¶ 6). In 2013, after experiencing abdominal pain, he (1) experienced a recurrence of his umbilical hernia, small bowel obstruction, and kidney damage, (2) underwent surgery in which Defendants' hernia repair product was removed, (3) the product was found in pieces and left a seven centimeter circular defect in Plaintiff's abdominal wall, (4) Plaintiff spent four days in the hospital in connection with his surgery, and (5) Plaintiff has consequently suffered severe and

---

[1] Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, October 5, 2015 is VACATED and OFF-CALENDAR.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

permanent bodily injuries, as well as significant mental and physical pain and suffering. (FAC ¶¶ 8-12, 23). Plaintiff seeks unspecified general damages, special damages, medical expenses, and lost income.

Plaintiff raises five causes of action: (1) negligence, (2) strict products liability (manufacturing defect), (3) strict products liability (failure to warn), (4) breach of express warranty, and (5) breach of implied warranty. (FAC ¶¶ 24-56).

### III. Plaintiff's Motion to Remand [19]

#### A. Legal Standard

Removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. One basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. If removed on diversity grounds, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *Id.*

Diversity jurisdiction requires the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. Where the face of the complaint does not state the amount in controversy, a court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If not, then jurisdiction is indeterminate and the court may consider facts in the removal petition and require parties to submit summary-judgment-type-evidence relevant to the amount in controversy. *Id.*; *see also Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant ultimately bears the burden of proving the amount in controversy by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A speculative argument as to the amount in controversy is insufficient. *See Gaus*, 980 F.2d at 567. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

#### B. Discussion

In the present case, the parties only dispute whether the amount in controversy has been satisfied. As the Complaint does not state the amount in controversy on its face, Defendants have the burden of proving by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

    In their notice of removal, Defendants recited the allegations in Plaintiff's complaint and argued that it was "facially apparent from the Complaint that Plaintiff's claims are in excess of $75,000.00." (Dkt. 1, Notice of Removal at 4). In their opposition, Defendants again rely on the argument that based on the nature of Plaintiff's allegations, "it is simply implausible that Plaintiff is valuing his case at less than $75,000." (Def. Opp. at 5). Defendants note that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Defendants also cite several cases where courts found the amount in controversy was satisfied by the nature of the allegations in the plaintiffs' complaints.

    The cases Defendants rely on are instructive. In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880,883 (5th Cir. 2000) (finding the amount in controversy was satisfied in a slip and fall case, where the plaintiff alleged (1) injuries to her wrist, knee, upper and lower back, (2) loss of wages and earning capacity, and (3) permanent disability and disfigurement); *Purdiman v. Organon Pharmaceuticals USA, Inc.*, 2008 WL 686996 (N.D. Ga. Mar. 12, 2008) (finding the amount in controversy satisfied where the plaintiff suffered permanent and debilitating injuries, spent six days in the hospital, and was unable to move any part of her body during her entire hospital stay, lest a blood clot in her lung cause her death). Moreover, at least one court in our Circuit found that the amount in controversy was facially apparent where the complaint alleged severe injuries. *See, e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *3 (E.D. Cal. Mar. 17, 2006) (following a car accident, the plaintiff suffered head trauma, a broken arm, broken wrist, a deep laceration to his lower leg, and sought damages for wage loss, property loss, hospital and medical expenses, and loss of earning capacity).

    Plaintiff has somewhat distinguished his case from Defendants' cited cases by contending that those courts either included prospective attorney's fees and punitive damages in their determination, which Plaintiff is not seeking here, or the plaintiffs' injuries were more severe than Plaintiff's injuries in the present case. However, based on Plaintiff's allegations of a recurred umbilical hernia, small bowel obstruction, kidney damage, required surgery, permanent scarring, a four-day hospital stay,"severe and permanent bodily injuries," as well as "significant mental and physical pain and suffering," the Court finds it is still more likely than not that the amount in controversy exceeds $75,000.

    The parties also ask the Court to take judicial notice of the existence of over 4,000 similar cases

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

against Defendants in Multi-District Litigation ("MDL").[2] Both parties attempt to use this fact to their advantage. Plaintiff argues that based on the existence of thousands of comparable cases against Defendants in the MDL, Defendants could have cited a comparable case to establish the amount in controversy. By not doing so, they have not met their burden. However, Defendants argue that Defendants' counsel has served as Bard's National Counsel in the MDL for the last six years and that no plaintiffs sought to avoid federal jurisdiction by suggesting the amount in controversy was less than $75,000. (Def. Opp. at 11) (*see also* Michael Brown Decl. ¶2-3 (counsel is "not aware of any plaintiff . . . who sought less than $75,000 as part of their lawsuit.")). The only exception has been three cases, where the motions to remand have all been denied. (*Id.*). In one of those cases, the MDL Judge found that the amount in controversy was satisfied where the plaintiff sought $74,000 in compensatory damages in addition to unspecified special, incidental and punitive damages. (Def. Opp., Ex. A, at 7-8). Plaintiff argues that the case is inapposite because Plaintiff has not expressly stated a base claim for compensatory damages. While true, the similarity of the cases supports Defendants' contention that it is more likely than not that the amount in controversy exceeds $75,000.

Therefore, the Court DENIES Plaintiff's motion to remand.

### C. Request for Attorney's Fees

As the Court finds that Defendants' removal was proper, the Court DENIES Plaintiff's request for sanctions.

## IV. Defendants' Motion to Dismiss [26]

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

---

[2] The Court takes judicial notice of the existence of the MDL. Fed. R. Evid. 201(b).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

will not do." *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**B.     Discussion**

As a preliminary matter, although Defendants argue at length that Plaintiff relied on a Master Long Form Complaint to craft his own FAC, the Court finds that Plaintiff's allegations are sufficiently applicable as any borrowed language still relates to mesh implant products made with polypropylene.

**1.     Negligence**

To prevail on a negligence claim, a plaintiff must allege (1) a legal duty; (2) a breach of that duty, (3) causation, and (4) damages. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001).

First, under California law, a manufacturer owes a duty of care to foreseeable users of its product. *Bettencourt v. Hennessy Indus., Inc.*, 205 Cal. App. 4th 1103, 1118 (2012). Plaintiff alleges that Defendants' product is intended for use in hernia repair surgeries and the product was used in Plaintiff's own hernia repair. (FAC ¶ 11, 17). Therefore, Plaintiff sufficiently pleads that he is a foreseeable user of Defendants' product and that Defendants owed a duty to him.

Second, Plaintiff alleges that Defendants knew or reasonably should have known that the Ventralex patch unreasonably exposed patients to the risk of harm. (*Id.* ¶ 13). Plaintiff alleges that scientific evidence shows that the polypropylene material from which Defendants' Ventralex patch is made promotes adverse responses in a large subset of the population implanted with the Ventralex patch. (*Id.* ¶ 14-16). Therefore, Plaintiff alleges that Defendants failed to carefully design, manufacture, test, inspect, market, label, package, and sell the product by using the polypropylene material and failing to warn of the product's risks. (FAC ¶¶ 26-29). Therefore, Plaintiff sufficiently pleads that Defendants breached their duty of care.

Third, Plaintiff pleads causation and damages by alleging that as a direct and proximate result of

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

Defendants' negligence, Defendants' Ventralex patch caused complications in Plaintiff's body, and Plaintiff subsequently suffered significant damages. (FAC ¶¶ 12, 30). These allegations sufficiently allege the causation and damages elements.

Therefore, the Court DENIES Defendants' motion to dismiss Plaintiff's negligence claim.

### 2. Strict Products Liability (Manufacturing Defect)

Under a strict products liability claim based on manufacturing defect, a plaintiff must allege that while a "suitable design is in place, [ ] the manufacturing process has in some way deviated from that design" resulting in a defective product. *In re Coordinated Latex*, 99 Cal. App 4th 594, 613 (2002); *see also Barker v. Lull Engineering Co.*, 20 Cal. 3d 413, 429 (1978). "A bare allegation that the [product] had 'a manufacturing defect' is an insufficient legal conclusion." *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010). Plaintiff has not sufficiently pled that Defendants' product deviated from any intended design or from any other units. Instead, Plaintiff only alleges that because Defendants' product was allegedly found in pieces six years after it was first implanted in Plaintiff, it deviated from its design. (*See* Pl. Opp. at 5). This conclusory allegation does not satisfy the pleading requirements under *Iqbal* and *Twombly*.

Therefore, the Court GRANTS Defendants' motion as to Plaintiff's strict products liability (manufacturing defect) claim WITH LEAVE TO AMEND.

### 3. Strict Products Liability (Failure to Warn)

Under a strict products liability claim based on failure to warn, "[m]anufacturers are strictly liable for injuries caused by their failure to [warn] of dangers that were known to the scientific community at the time they manufactured and distributed the product." *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1108 (1996). In cases involving medical devices, California applies the "learned intermediary" doctrine which provides that the duty to warn runs to the physician, not the patient. *Id.* at 1112-13; *see also Plenger v. Alza Corp.*, 11 Cal. App. 4th 349, 362 (1992). In addition to alleging that a warning was inadequate, a plaintiff must allege that the inadequate warning would have altered the prescribing physician's decision to use the product. *Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 991 (C.D. Cal. 2001).

Defendants argue that Plaintiff's failure to warn claim is precluded because Plaintiff alleged that risks associated with the Ventralex hernia patch were known or knowable in light of the scientific knowledge that was generally accepted in the medical community at the time of its manufacture. In other

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

words, Defendants argue that if the medical community knew and accepted the risks associated with Defendants' product, the causation element of this claim fails. This argument misstates Plaintiff's FAC. A learned intermediary's prescription of a medical device in light of knowledge of the risks can preclude a failure-to-warn claim. *See, e.g., Cox v. Depuy Motech Inc.*, 2000 WL 1160486, at *8 (S.D. Cal. Mar. 29, 2000). Moreover, if a medical community has universally accepted the risks of a product, a failure to warn may not establish causation. Here, however, Plaintiff has not alleged that his physician knew of the risks related to Defendants' product. Moreover, Plaintiff has not alleged that the risks associated with the Ventralex patch were accepted by the medical community. Plaintiff only alleges that risks associated with the Ventralex patch were known to the scientific community at the time of its manufacture, based on information (presumably risks associated with polypropylene) that was generally accepted in the community. This is simply an element of strict products liability claims based on a failure to warn.

However, Defendants also argue that Plaintiff has failed to sufficiently allege that his physician would have altered his use of the product had adequate warning been provided. Here, Plaintiff only alleges that "had his physician been adequately informed about the extensive dangers associated with the use of the Ventralex patch, his physician would not have implanted the device in Plaintiff." (FAC ¶ 40). This allegation is merely conclusory and does not satisfy the pleading requirements under *Iqbal* and *Twombly*.

Therefore, the Court GRANTS Defendants' motion as to Plaintiff's strict products liability (failure to warn) claim WITH LEAVE TO AMEND.

### 4. Breach of Express Warranty

Defendants argue that Plaintiff cannot state a claim for breach of express warranty because there is no privity between Plaintiff and Defendants. "The general rule is that privity of contract is required in an action for breach of [ ] express [ ] warranty[.]" *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058-59 (2008); *see also Adams v. I-Flow Corp.*, 2010 WL 1339948, at *4 (C.D. Cal. Mar. 30, 2010) ("Under controlling California law, privity between the patient and the manufacturer of a medical device or pharmaceutical product is a necessary component of breach of warranty claims.").

However, "when a consumer relies on representations made by a manufacturer in labels or advertising material, recovery is allowable on the theory of express warranty without a showing of privity." *Fundin v. Chicago Pneumatic Tool Co.*, 152 Cal. App. 3d 951, 957 (1984). A recent Southern District of California case is instructive. In *Tapia v. Davol, Inc.*, where a plaintiff alleged an express warranty based on the hernia mesh manufacturer's representations in labels and advertising materials,

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

privity was not required for the plaintiff's breach of express warranty claim. 2015 WL 4544507, at *10 (S.D. Cal. July 28, 2015). Moreover, the "learned intermediary" rule applies to a breach of express warranty claim predicated on a failure to warn claim. *Id.* (Citing *Carlin*, 13 Cal. 4th at 1118). Therefore, Plaintiff must allege that Plaintiff's physician relied on the express warranties by Defendants.

Defendants also argue that Plaintiff has not sufficiently alleged the elements for breach of express warranty under California Law: that the seller (1) made an affirmation of fact or promise or provided a description of its goods, (2) the promise or description formed the basis of the bargain, (3) the express warranty was breached, and (4) the breach caused injury to the plaintiff. *See Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1166, 1181 (C.D. Cal. 2013); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 949 (C.D. Cal. 2012); Cal. Com. Code. § 2313.

Here, Plaintiff alleges that "[t]he Ventralex patch has been, and continues to be marketed to the medical community and to patients as a safe, effective, reliable, medical device, implanted by safe and effective, minimally invasive surgical techniques, and as safer and more effective as compared to available feasible alternative treatments for hernias and other competing products." (FAC ¶ 17). In addition, Plaintiff alleges that "Plaintiff, individually and/or by and through is physician, reasonably relied upon Defendants' express warranties and guarantees that the Ventralex patch was safe, merchantable, and reasonably fit for its intended purpose." (FAC ¶ 47). The Court agrees with Defendants that these allegations do not sufficiently state a claim for breach of warranty. Plaintiff must allege facts demonstrating that Defendants' affirmations formed the basis of the bargain, i.e., facts regarding how the warranties were made to Plaintiff's physician, and that Plaintiff's specific physician relied on them.

Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's breach of express warranty claim WITH LEAVE TO AMEND.

### 5.     Breach of Implied Warranty

Defendants contend that under California Civil Code § 1793.02(e)(3), there is no implied warranty of fitness for an "assistive device" if that assistive device is a "surgical implant performed by a physician or surgeon." Cal. Civ. Code § 1793.02(e)(3); *see also Coleman v. Boston Sci. Corp.*, 2011 WL 3813173, at *6 (E.D. Cal. Aug. 29, 2011) (finding that a mesh device used to repair and restore stress urinary incontinence fell within the scope of the term "assistive device"). The Court agrees. Moreover, Plaintiff has apparently conceded this claim by failing to respond to Defendants' argument.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05506-SVW-JEM | Date | October 2, 2015 |
|---|---|---|---|
| Title | *Hammarlund v. C.R. Bard, Inc. et al* | | |

Therefore, the Court GRANTS Defendants' motion as to Plaintiff's breach of implied warranty claim WITHOUT LEAVE TO AMEND.

**V.     Conclusion**

For the aforementioned reasons,

1. The Court DENIES Plaintiff's motion to remand.
2. The Court DENIES Plaintiff's motion for attorney's fees and costs.
3. The Court DENIES Defendants' motion to dismiss Plaintiff's negligence claim.
4. The Court GRANTS Defendants' motion to dismiss Plaintiff's strict products liability (manufacturing defect) claim WITH LEAVE TO AMEND.
5. The Court GRANTS Defendants' motion to dismiss Plaintiff's strict products liability (failure to warn defect) claim WITH LEAVE TO AMEND.
6. The Court GRANTS Defendants' motion to dismiss Plaintiff's breach of express warranty claim WITH LEAVE TO AMEND.
7. The Court GRANTS Defendants' motion to dismiss Plaintiff's breach of implied warranty claim WITHOUT LEAVE TO AMEND.

Any amended complaint must be submitted within twenty (20) days of this order.

:

Initials of Preparer     PMC